United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30561
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

CHARLES J. MILLER

Defendant-Appellant.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 3:04-CR-30041-ALL)

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:*

In an appeal involving a district court's denial of a motion to suppress, we review

the district court's findings of fact for clear error and its conclusions of law de novo.

*United States v. Hicks*, 389 F.3d 514, 526 (5th Cir. 2004).  Under the two-part *Terry*

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

reasonable suspicion test, we inquire whether the officer's action during a traffic stop was: (1) "justified at its inception"; and (2) "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889, 905 (1968). We affirm for the following reasons:

1.  Miller argues that his driving was not bad enough to create a reasonable suspicion that he was intoxicated or fatigued. "[R]easonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Miller's weaving and slow driving at 4:30 in the morning established reasonable suspicion that he could be intoxicated or fatigued. Weaving entirely within one lane of traffic is not necessarily less dangerous than weaving across lanes. Accordingly, the officer's decision to stop Miller was justified at its inception.

2.  "[I]f additional reasonable suspicion arises in the course of the stop and before the initial purpose of the stop has been fulfilled, then the detention may continue until the new reasonable suspicion has been dispelled or confirmed." *Id*. at 431. In *United States v. Gonzalez*, 328 F.3d 755 (5th Cir. 2003), the defendant appealed a narcotics conviction for drugs found in the course of a traffic stop. The court held that nervous behavior exhibited and

2

inconsistent answer given by Gonzalez, as well as his admission to a prior drug conviction, gave rise to a reasonable articulable suspicion that Gonzalez was involved in drug trafficking. *Id*. at 758. Like Gonzalez, Miller admitted to a previous drug conviction, offered inconsistent statements, and exhibited nervous behavior. Miller's incessant rocking back and forth and the rubbing of his arms and hands suggested that he was either under the influence of drugs or had reason to be apprehensive. Taken together, these facts gave rise to additional reasonable suspicion that Miller was involved in drug trafficking and justified the employment of the dog to sniff the exterior of the vehicle.

AFFIRMED.